THOMAS P. LAWLESS, PLAINTIFF, v. HARRY MULLER, DEFENDANT.

Argued June 8, 1923—Decided December 28, 1923.

1. A communication, made upon a subject in reference to which the party communicating it has a duty, to a person having a corresponding interest or duty, is privileged, although false, if made *bona fide*. It is not privileged when the party making it knows, when he makes it, that it is untrue.
2. In an action to recover damages for libel, where the jury finds, as they were entitled to find, that the charge made against the plaintiff was malicious, that is, made by the defendant with absolute knowledge that it was untrue, punitive damages may be awarded as a punishment of the libeller.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Aaron A. Melniker.*

*Contra, William J. McFadden.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The plaintiff, a deputy collector of the internal revenue department for the district of New Jersey, brought this action against the defendant for libel, alleging that he, in a certain affidavit, falsely and malicously accused the plaintiff of having solicited and received from him a bribe of $700 in connection with the filing of a belated income tax return.   The defendant denied liability upon the grounds—*first,* that the statement contained . in the affidavit was true; *second,* that if untrue it was not made maliciously, and *third,* that it was privileged, because made by him upon the insistence of one Ferguson, the collector of internal revenue for the district, and under whom the plaintiff was employed.   The trial resulted in a verdict in favor of the plaintiff, the jury assessing his damages at $5,000.

The principal grounds upon which the defendant seeks to have the present rule made absolute are that the trial court erred in denying a motion for nonsuit, and also in refusing to direct a verdict in favor of the defendant.   Each of the motions which were thus refused was rested upon the proposition that, even assuming that the charge of bribery and corruption made by him against the plaintiff was untrue, nevertheless it was privileged, because made to the plaintiff's superior officer at the latter's request; and that there was nothing in the proofs which would justify a jury in finding that the defendant was actuated by any malicious motive in making the charge.   The trial court was entirely justified in refusing each of these motions.   The proofs submitted on the part of the plaintiff showed that the charge contained in the affidavit was absolutely untrue.   If this was the fact, it is absurd to say that the charge was made to the plaintiff's superior officer. at his (the latter's) request, for what the collector sought was information as to the truth or

falsity of the statement which was the subject-matter of the affidavit, and not a lie which reflected upon the honesty and integrity of the plaintiff. As to the claim that, assuming the statement to be untrue, there was no proof of malice in its making, it goes without saying that, if a man deliberately makes a false statement concerning another, with full knowledge of its untruthfulness at the time he makes it, the conclusion is almost irresistible that he was impelled to do so by a malicious motive. At the close of the plaintiff's case, the question whether the defendant had deliberately and maliciously made a false statement to the collector of internal revenue, in charging the plaintiff with having solicited and accepted a bribe, was a question for the jury, and this situation was not changed at the close of the whole case. The motions to nonsuit and to direct the verdict were, therefore, each of them, properly refused.

The next ground upon which we are asked to set aside the verdict is that it is contrary to the weight of the evidence. A careful examination of the proofs sent up with the rule leads us to the conclusion that the jury was fully justified in finding that the charge made by the defendant against the plaintiff was untrue in fact, and that the former knew it was untrue when he made it.

It is next contended that the damages awarded by the jury are excessive. The proofs showed that, upon the making of this affidavit by the defendant and its delivery to the collector of internal revenue, the latter suspended the plaintiff from his position, and that the suspension continued for several months, and until a thorough investigation of the charge was made by the internal revenue department, which resulted in restoring the plaintiff to his position. The loss of the plaintiff's salary during the period of his suspension was only a few hundred dollars, but the injury to his reputation for integrity, resulting from the publicity which must have followed the charge and the investigation with relation to its truth, could not have been otherwise than serious. Moreover, the jury having found, as they were entitled to find, that the charge was malicious—that is, made by the

defendant with absolute knowledge that it was untrue—justified the award of punitive damages, as a punishment to be inflicted on the libeller. We conclude that the verdict ought not to be interfered with for the reason urged.

Other reasons for making the rule absolute are based upon the charge to the jury, and the refusal of the trial court to charge certain requests, all of which deal with the question of privilege.

The rule relating to the doctrine of privileged communications, so far as applicable to the present case, is stated as follows by Lord Chief Justice Campbell in *Harrison* v. *Bush,* 85 *E. C. L.* 348: "A communication made *bona fide* upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, although it contains criminatory matter which, without this privilege, would be slanderous and actionable." The fundamental test is the *bona fides* of the communication. Unless that exists the communication is not privileged.

In disposing of the reasons now under consideration, it is enough to say that the instructions complained of and the refusal to charge the requests submitted—so far as they were refused—were entirely justified by the rule that we have above recited.

The only other reasons urged by the defendant are directed at rulings on testimony. Our examination of them leads us to the conclusion that no harm resulted to the defendant by any of such rulings as are properly before us. As to other rulings, which are now attacked by the defendant, no objection was taken thereto at the trial.

The rule to show cause will be discharged.