65 N.J. Super. 185 (1961)
167 A.2d 426
SAM BATTAGLIO, T/A SAM'S, PLAINTIFF-RESPONDENT,
v.
RED BANK DISCOUNT CENTER, INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND WILLIAM DRUSS, INDIVIDUALLY, DEFENDANTS-APPELLANTS. ANTHONY GIORDANO, PLAINTIFF-RESPONDENT,
v.
RED BANK DISCOUNT CENTER, INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND WILLIAM DRUSS, INDIVIDUALLY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1961.
Decided January 18, 1961.
*186 Before Judges GOLDMANN, FOLEY and FULOP.
Mr. Sam Weiss argued the cause for appellants (Mr. Frank Metro, attorney).
Mr. Robert J. Novins argued the cause for respondents (Messrs. Novins, Novins & O'Connor, attorneys; Mr. William E. O'Connor, Jr., on the brief).
*187 PER CURIAM.
Defendants appeal from judgments in favor of the respective plaintiffs in the above actions, consolidated for trial and heard by the County Court judge sitting without a jury. Their brief, however, deals only with Druss' claim of error. Red Bank Discount Center, Inc. has apparently concluded that the judgments against it are unimpeachable, and its appeals should therefore be dismissed.
The only ground of appeal is that the statute of frauds, R.S. 25:1-5(c), bars recovery. The statute was not pleaded as an affirmative defense, as required by R.R. 4:8-3. It was not incorporated in the pretrial order, nor was it raised at the trial as an issue recognized by judge and counsel. Druss may not now urge it. Colegrove v. Behrle, 63 N.J. Super. 356, 367-8 (App. Div. 1960), is completely dispositive.
The provisions of R.R. 4:8-3 are mandatory, and failure to abide by the rule amounts to a waiver of the affirmative defense. R.R. 4:12-8. The requirement that the statute of frauds be affirmatively pleaded may not be relaxed except when its enforcement would be inconsistent with substantial justice. Edwards v. Wyckoff Electrical Supply Co., 42 N.J. Super. 236, 241 (App. Div. 1956); Varriano v. Miller, 58 N.J. Super. 511, 520 (App. Div. 1959); Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 559 (App. Div. 1959).
Generally, we will not consider a defense which was not timely presented in the trial court, unless the questions raised on appeal relate to jurisdiction or to matters of great public interest. Colegrove v. Behrle, above, 63 N.J. Super., at page 368. Such is not the case here.
Defendant would avoid the impact of R.R. 4:8-3 and 4:12-8 by resort to R.R. 4:15-2. He requests permission to amend his answer to include the statute of frauds as a separate defense, so as to conform the pleadings to the proofs. R.R. 4:15-2 provides:
"When issues not raised by the pleadings and pretrial order are tried by consent or without the objection of the parties, they shall *188 be treated in all respects as if they had been raised in the pleadings and pretrial order. Such amendment of the pleadings and pretrial order as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment: * * *."
This court undoubtedly has the power to permit such an amendment in a proper case. See Hedges v. Housing Authority of Atlantic City, 21 N.J. Super. 167, 170 (App. Div. 1952).
While the object of our practice is to avoid determination of an action upon procedural errors or oversights, nevertheless fairness to one's adversary requires that a party must at some point be bound by the position he has formally taken before the trial court.
As already noted, the statute of frauds was not projected by defendants at any point in this case before the filing of the brief on appeal. Indeed, the entire case was tried on the issue of the veracity of the parties and their witnesses as to the making of the alleged promises, and the form and intent of those promises.
Since the statute of frauds was never projected to the court as an issue, nor recognized as such by the trial judge or counsel, it cannot be said to have been litigated within the meaning of R.R. 4:15-2. The argument is made that the record contains enough to support the defense of the statute. But this alone does not overcome the mandatory requirement of R.R. 4:8-3. It is essential that one's adversary be apprised of the fact that the defense is being raised by the proofs and, additionally, the court must recognize and rule on the defense. Otherwise, the salutary purpose to be served by R.R. 4:8-3 would be defeated. Under the circumstances, we perceive nothing inconsistent with substantial justice in the enforcement of that rule and in denying leave to amend.
The judgments are affirmed.