**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0355-17T1

ANTHONY VALVANO,
individually and on behalf
of KST&V,

     Plaintiff-Appellant,

v.

STUART KRAMER, JEFFREY
SMITH, JAVIER TORRES, and
KRAMER, TORRES & SMITH,
LLC,

     Defendants-Respondents,

and

HOWARD BOOKBINDER,

     Defendant.

_____

          Submitted January 22, 2019 – Decided February 6, 2019

          Before Judges Sumners and Mitterhoff.

          On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2026-16.

Strasser & Associates, PC, attorneys for appellant (William I. Strasser, on the briefs).

Thomas E. Maloney, Jr., attorney for respondents Stuart Kramer, Jeffery Smith, Javier Torres, and Kramer, Smith, Torres & Valvano, LLC .

PER CURIAM

Plaintiff Anthony Valvano appeals from a final judgment entered by the Law Division, after a bench trial, awarding defendants Stuart Kramer, Jeffrey Smith, and Javier Torres $116,283.58 on their counterclaim against plaintiff.[1] We affirm.

We recite the relevant facts from the record. Valvano, Kramer, Smith, and Torres were members in a public adjusting business, Kramer, Smith, Torres & Valvano, LLC ("KSTV"). Each member obtained business for KSTV through solicitation or referral of clients, and all public adjusting fees collected from the clients were to be paid to KSTV. Kramer served as KSTV's managing member from its incorporation in 1999 until approximately 2007. Pursuant to KSTV's operating agreement, the managing member has the "authority and power to conduct and control the business, affairs, and operations of the Company[.]"

---

[1] Kramer, Smith, and Torres asserted the counterclaim individually and on behalf of Kramer, Smith, Torres & Valvano, LLC.

2

While he was the managing member, Kramer instituted a procedure requiring a member to submit an expense report with supporting receipts to KSTV in order to receive reimbursement for business expenses. Using these reports, KSTV deducted the expenses from its income when it filed income tax returns. Kramer, Smith, and Torres routinely submitted such expense reports and received reimbursements, but Valvano did not submit expense reports or seek reimbursement in the usual course of business.

In 2008, however, Valvano presented Kramer and Smith with a handwritten document listing unpaid business expenses in excess of $275,000 for which he sought reimbursement. The document also listed public adjusting fees totaling $68,059.96 retained by Valvano, which Valvano acknowledged were otherwise payable to KSTV. At trial, the document was marked as D-6 and admitted into evidence. Valvano testified that he withheld the $68,059.96 to offset his unreimbursed business expenses.

Additionally, at trial Valvano presented a document that he had prepared in September 2016. The document listed fees totaling $48,223.62 due to KSTV after 2009. The document was marked as D-7 and admitted into evidence. Valvano acknowledged he owed these fees to KSTV in addition to the fees listed

3

in D-6, but that he retained the fees to offset his unreimbursed business expenses.

In late 2012, the members agreed that KSTV would be dissolved, because Valvano wished to pursue claims related to losses caused by Hurricane Sandy, while the other members did not. Thereafter, on August 20, 2015, Valvano filed a complaint in the Chancery Division seeking, among other things, an accounting and audit of KSTV and the judicial dissolution of KSTV.[2]

On October 23, 2015, Kramer, Smith, and Torres, individually and on behalf of KSTV ("counterclaim plaintiffs"), filed an answer and counterclaim. The counterclaim sought damages against Valvano for public adjusting fees due to KSTV that were inappropriately waived, misapplied, or not turned over to the company. On March 3, 2016, the Chancery Division ordered that Valvano was entitled to examine the books and records of KSTV and conduct an audit of the company at his own expense. The Chancery Division also dismissed Valvano's

---

[2] The complaint also sought an accounting and audit of Kramer, Torres & Smith, LLC, an alleged successor to KSTV, and alleged a claim of accounting malpractice against Howard Bookbinder. On December 15, 2015, the claim against Kramer, Torres, & Smith LLC was dismissed without prejudice for lack of prosecution. On February 18, 2016, the claim against Bookbinder was dismissed without prejudice via a consent order.

A-0355-17T1

complaint without prejudice and transferred the counterclaim to the Law Division.

Judge James J. DeLuca conducted a bench trial on the counterclaim on April 24 and 25, 2017. At trial, the counterclaim plaintiffs sought $515,481.29 in damages. After trial, on July 27, 2017, Judge DeLuca issued a written decision finding that Valvano was only liable for $68,059.96 in damages. The judge found that no provision in KSTV's operating agreement required that each member collect fees owed to KSTV by its clients or made an individual member liable to KSTV for a client's non-payment of fees. The judge also found that the counterclaim plaintiffs presented insufficient evidence to prove that the sum sought was accurate, noting that "Kramer's testimony as to the creation and updating of the accounts receivable listing calls into question the accuracy of the accounting."

Judge DeLuca found, however, that Valvano had admitted that he owed $68,059.96 to KSTV, as documented in D-6. Further, the judge found that Valvano was not entitled to offset his claimed business expenses against the counterclaim. The judge reasoned:

> It is uncontroverted that Kramer, Smith and Torres complied with the procedures established for expense reimbursement, while Mr. Valvano did not. The expense reimbursement procedure is consistent with the

5

terms of the Operating Agreement, and the expenses, as presented by the members, were properly deducted on the tax returns of KSTV. Further, except for the handwritten list of alleged expenses (Exhibit D-6), Mr. Valvano's claims for expenses are undocumented and not credible.

Additionally, the judge found that the counterclaim would have been barred by the six-year statute of limitations, N.J.S.A. 2A:14-1.6, but that Valvano had waived the defense by failing to plead the statute of limitations as an affirmative defense.

Accordingly, Judge DeLuca found that the counterclaim plaintiffs were entitled to a judgment in the sum of $68,059.96 and directed the counterclaim plaintiffs to submit a form of judgment under the five-day rule, Rule 4:42-1(c). On July 28, 2017, counsel for the counterclaim plaintiffs submitted a form of judgment to the court, along with a letter requesting that the written decision and proposed judgment be amended to reflect an additional $48,223.62 in damages. The proposed additional damages were for fees Valvano admitted he had retained that were due to KSTV, as reflected in D-7. On August 8, 2017, Valvano's counsel submitted a letter to the court objecting to any amendment of the judgment.

On August 11, 2017, Judge DeLuca issued a supplemental written decision finding that the counterclaims plaintiffs were entitled to recover the

additional $48,223.62. Accordingly, the judge entered judgment in favor of the counterclaim plaintiffs in the sum of $116,283.58. Valvano appealed the final judgment.

On appeal, Valvano raises the following points for our review:

> I. THE COURT COMMITTED REVERSIBLE ERROR BY FAILING TO APPLY THE DOCTRINE OF LACHES TO THE DEFENDANTS' CLAIMS.
>
> II. THE COURT COMMITTED REVERSIBLE ERROR BY FAILING TO APPLY THE DOCTRINE OF ESTOPPEL TO THE DEFENDANTS' CLAIMS.
>
> III. THE COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO APPLY THE DOCTRINE OF WAIVER TO THE DEFENDANTS' CLAIMS.
>
> IV. VALVANO DID NOT 'CONVERT' ANY PROPERTY OF KST&V.

Having reviewed the record and applicable legal principles, we affirm for substantially the reasons expressed in Judge DeLuca's well-reasoned written opinions. We add only the following comments.

We decline to address Valvano's first three points, as he failed to raise the defenses of laches, estoppel, and waiver to the trial court. See State v. Robinson, 200 N.J. 1, 20 (2009) ("[I]t is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial

court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." (alteration in original) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))).  Other than pleading these defenses in his answer to the counterclaim, Valvano never raised these arguments to the trial court.  See Mancini v. Twp. of Teaneck, 179 N.J. 425, 433 (2004) ("A mere one-time mention of laches in a defendant's answer is insufficient to preserve it through the span of litigation."); Williams v. Bell Tel. Labs. Inc., 132 N.J. 109, 118 (1993) (holding that defendant "waived the statute-of-limitations defense by its failure to assert that defense at any stage of the proceedings after pleading the statute in its [a]nswer.")

Turning to Valvano's contention that he did not convert any property of KSTV, we defer to the trial judge's finding that Valvano was not entitled to retain the fees that he acknowledged were due to KSTV to offset his claimed business expenses.  See Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974) ("Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence.").  The trial judge's finding that Valvano was not authorized to receive reimbursement for his claimed business expenses because he did not comply with the procedures

A-0355-17T1

established for expense reimbursement is supported by substantial credible evidence in the record.

To the extent we have not specifically addressed any remaining arguments raised by Valvano, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0355-17T1