NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1944-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KAREN K. CLEIRBAUT,

     Defendant-Appellant.

_____

Submitted October 8, 2019 – Decided December 2, 2019

Before Judges Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Municipal Appeal No. 2018-025.

Levow DWI Law, PC, attorneys for appellant (Evan M. Levow, of counsel and on the brief; Sandra L. Battista, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

In 2018, while defendant had a pending charge for driving while intoxicated (DWI) in violation of N.J.S.A. 39:4-50, she filed a petition for post-conviction relief (PCR), seeking to vacate a 1980 DWI conviction. Defendant certified that she was not represented by an attorney when she pled guilty in 1980, and she had not been advised of her right to counsel. She sought relief from an enhanced custodial term in accordance with State v. Laurick, 120 N.J. 1 (1990).

Defendant appeals from a December 3, 2018 order entered by the Law Division that denied her PCR petition. While this appeal was pending, our Supreme Court decided State v. Patel, ___ N.J. ___ (Aug. 7, 2019), which clarified the standard for obtaining relief from an enhanced custodial sentence for a subsequent DWI conviction. In Patel, the Court also eliminated the time limitation for seeking such PCR relief. Accordingly, we vacate the December 3, 2018 order and remand this matter for further proceedings.

I.

The record before us is limited. We therefore identify the relevant facts that are supported by evidence in the record or are undisputed by the parties.

Defendant was convicted of DWI in December 1980 in Irvington Municipal Court. In October 2017, defendant was charged with DWI in

Roxbury. In January 2018, while the 2017 DWI charge was pending, defendant filed a PCR petition in the Irvington Municipal Court seeking to vacate the 1980 DWI conviction.

In her verified petition, defendant certified that (1) she "was unrepresented at the time of her plea [in 1980][;]" (2) she was not "advised of [her] constitutional rights . . . prior to the entry of [her] plea[;]" and (3) had she been advised of her rights, she "would not have entered the plea [of guilty] and would have proceeded to trial."

The municipal court in Irvington does not have any records regarding defendant's 1980 guilty plea. In her appendix on this appeal, defendant included a form letter from the Irvington Municipal Court that had a handwritten note stating that the records are no longer available because DWI records are retained for a maximum of fifteen years.

After hearing oral argument, the Irvington Municipal Court denied defendant's petition in a short letter order issued on August 31, 2018. Defendant, thereafter, filed a municipal court appeal in the Law Division.

The Law Division conducted a de novo review of defendant's PCR petition and heard oral arguments from counsel. On December 3, 2018, the Law Division issued a written opinion and order denying defendant's petition.

A-1944-18T1

The Law Division found that defendant had four prior DWI convictions: (1) a 1973 DWI conviction in West Milford; (2) the 1980 DWI conviction in Irvington; (3) a 1981 DWI conviction in Hasbrouck Heights; and (4) a 2013 DWI conviction in Paterson. Those findings were apparently based on a review of defendant's driver's abstract. That abstract was not included in the record before us.

Turning to the substance of defendant's PCR petition, the Law Division first found that defendant's petition was filed beyond the then five-year time limitation and defendant had not shown excusable neglect that would justify extending that limitation. The Law Division also held that defendant had not established a prima facie case for PCR relief. In making that holding, the Law Division relied on the three factors required by our decision in State v. Schadewald, 400 N.J. Super. 305, 354-55 (App. Div. 2007). The first two factors identified by Schadewald address what an indigent and non-indigent defendant must show regarding not being informed of their right to counsel. The third factor required Laurick petitioners to "demonstrate that if they had been represented by counsel, they had a defense to the DWI charge and the outcome would, in all likelihood, have been different." Ibid.

A-1944-18T1

## II.

The rulings in <u>Patel</u> require this matter to be remanded for further proceedings consistent with <u>Patel</u>. <u>Patel</u> eliminated the time limitation for filing a PCR petition seeking relief under <u>Laurick</u>. <u>Patel</u>, __ N.J. at __ (slip op. at 29). In that regard, the Court pointed out that <u>Laurick</u> PCR petitions are governed by <u>Rule</u> 7:10-2(g). <u>Patel</u>, __ N.J. at __ (slip op. at 27). Before the Court issued its decision on August 7, 2019, <u>Rule</u> 7:10-2(g)(2) set a five-year time limitation for filing a PCR petition, unless petitioner showed facts that the delay in filing was due to his or her excusable neglect. Effective August 7, 2019, the Court changed <u>Rule</u> 7:10-2(g)(2) to state: "A petition seeking relief under this paragraph may be filed at any time."

We construe the rule announced in <u>Patel</u> to have pipeline retroactive application. A court has four options when a new rule of law is introduced:

> (1) make the new rule of law purely prospective, applying it only to cases whose operative facts arise after the new rule is announced; (2) apply the new rule to future cases and to the parties in the case announcing the new rule, while applying the old rule to all other pending and past litigation; (3) grant the new rule [pipeline] retroactivity, applying it to cases in (1) and (2) as well as to pending cases where the parties have not yet exhausted all avenues of direct review; and, finally, (4) give the new rule complete retroactive effect [. . . .]

A-1944-18T1

[State v. G.E.P., 458 N.J. Super. 436, 445 (App. Div. 2019) (first alteration in original) (quoting State v. Burstein, 85 N.J. 394, 402-03 (1981)).]

In determining whether a new rule of law has retroactive application, a court must balance "'(1) the purpose of the rule and whether it would be furthered by a retroactive application, (2) the degree of reliance placed on the old rule by those who administered it, and (3) the effect a retroactive application would have on the administration of justice.'" Ibid. (quoting State v. Feal, 194 N.J. 293, 308 (2008)); see also R.M. v. Supreme Court, 185 N.J. 208, 230 (2005) (applying the same standard and giving pipeline retroactivity to a modification of the scope of Rule 1:20-9's confidentiality provisions). The first of these three factors is the "most pivotal." G.E.P., 448 N.J. Super. at 445 (quoting State v. Knight, 145 N.J. 233, 251 (1996)).

Here, the purpose animating the Patel Court's changes to Rule 7:10-2(g)(2) is furthered by giving those changes retroactive application. See ibid. Full retroactivity, however, is inappropriate because the State and the court system justifiably relied on Rule 7:10-2(g)(2)'s five-year time limit and a fully retroactive application of the ruling in Patel would interfere with the administration of justice. Accordingly, the rule providing that there is no time limitation applies to defendant's petition since she had a pending appeal when

A-1944-18T1

<u>Patel</u> was issued. As a consequence, the Law Division's first ground for denying defendant's petition no longer applies.

The Court in <u>Patel</u> also clarified the standard for granting PCR relief to a DWI defendant who faces an enhanced custodial sentence based on an earlier uncounseled DWI conviction. The Court first spelled out what an indigent and non-indigent defendant must establish concerning the advice they did not receive regarding the right to counsel. <u>Patel</u>, __ N.J. at __ (slip op. at 3-4). Second, the Court clarified that a defendant who was not advised of his or her right to counsel need not show that the outcome would have been different had he or she been represented by counsel. <u>Ibid.</u> Specifically, the Court held:

> We now hold that to secure relief from an enhanced custodial sentence for a subsequent DWI conviction, a non-indigent defendant must establish that in the earlier uncounseled DWI proceeding, (1) he was not advised or did not know of his right to counsel and (2) had he known of his right to counsel, he would have retained a lawyer. A defendant contending he was indigent must establish that in the earlier uncounseled DWI proceeding, (1) he was not advised and did not know of his right to appointed counsel, (2) he was entitled to the appointment of counsel under the applicable financial means test, <u>R.</u> 7:3-2(b), and (3) had he been properly informed of his rights, he would have accepted appointed counsel. Because denial of counsel is a structural defect in the proceedings, to secure relief from an enhanced custodial sentence, neither an indigent nor a non-indigent defendant must show that

the outcome would have been different had he been represented.

[Ibid.]

In clarifying the law, the Court in Patel rejected the standards set forth in our decision in Schadewald. Patel, __ N.J. at __ (slip op. at 21-22). We do not read the decision in Patel as creating new law that would only be applied prospectively. Instead, the Court in Patel was clear that it was clarifying the Laurick standard. Patel, __ N.J. at __ (slip op. at 3). Accordingly, the clarified standard announced in Patel governs defendant's PCR petition in this matter. See In re Board's Main Extension Rules N.J.A.C. 14:3-8.1, 426 N.J. Super. 538, 550 (App. Div. 2012) ("A rule of law is not 'new,' and 'no issue of retroactive application even exists,' where the rule 'represents either established law or a principle plainly hovering on the horizon.'" (quoting Williams v. Bell Tel. Labs., 132 N.J. 109, 123 (1993))); see also Feal, 194 N.J. at 308 ("Where a new rule is not at issue, a retroactivity inquiry is unnecessary." (alterations in original omitted)).

Patel also addressed how a court should deal with the lack of a record from the earlier DWI conviction. Patel, __ N.J. at __ (slip op. at 24-25). "The defendant has the burden of proving that his [or her] prior uncounseled DWI conviction was based on the municipal court's failure to advise him [or her] of

his [or her] right to counsel." Ibid. If the municipal court has the appropriate records, those records can be reviewed to determine if defendant was advised of his or her right to counsel. See ibid. If, on the other hand, records no longer exist, then defendant can file an affidavit or certification confirming that she or he was not advised of the right to counsel and did not know that they had such a right. Ibid. We also read Patel to require that defendant certify that he or she would have retained counsel if informed of that right. See ibid. The Court in Patel then explained that absent another witness with a recollection or documentary evidence that can rebut defendant's certification, a court must accept defendant's certification. See ibid.

### III.

Applying the clarifications announced in Patel, defendant's PCR petition must be remanded for further proceedings in the municipal court. Patel, __ N.J. at __ (slip op. at 31-32). Defendant did not expressly state that if she had been advised of her right to counsel in 1980 she would have retained counsel. Given the current limited record, that missing component should not end the inquiry. Instead, the matter should be remanded to determine if defendant can credibly establish that had she been advised of her rights to counsel, she would have retained counsel in 1980. The record is also unclear as to whether defendant

9

claimed she was indigent in 1980. Accordingly, that issue should also be clarified on remand. Consistent with <u>Patel</u>, we vacate the Law Division's order denying defendant's PCR petition, and we remand to the municipal court for proceedings consistent with the rulings in <u>Patel</u>.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1944-18T1