**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3610-18T1

BARBARA H. ABROM,

    Plaintiff-Respondent,

v.

PHILIP PICINICH and
DONNA PICINICH,

    Defendants-Appellants.

_____

Submitted March 26, 2020 – Decided July 10, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000155-18.

Law Offices of Vincent J. La Paglia, attorneys for appellants (Jeff Thakker, of counsel; Vincent J. La Paglia, on the briefs).

Michael J. Sprague, attorney for respondent.

PER CURIAM

Defendants Philip Picinich and Donna Picinich appeal the April 11, 2019 grant of summary judgment to plaintiff Barbara H. Abrom. The parties are neighbors. For the reasons that follow, we affirm.

The dispute concerns a 1983 recorded easement plaintiff and her late husband conveyed to the Picinichs' predecessors in title. The deed's key provision states:

> Subject to an easement covering the premises described below, giving the grantees herein, their assigns and successors in interest, the exclusive right of ingress and egress over an existing driveway located on the adjoining premises, being 17 Ridge Road. This easement is given so the grantees and their successors will be able to use their rear yard for parking. This easement will expire by its own terms if the grantees or their successors alter the grade of the purchased premises, allowing them access to the rear yard.

At some unknown time after the conveyance, a combination concrete/wood fence was erected around the Picinichs' yard, basically a wood fence with a concrete foundation. The back yard is effectively unusable for parking unless the fencing is removed. In their pleadings, the Picinichs stated they did not intend to remove the fencing.

The following are undisputed facts. Between 1995 and 2000, the Picinichs parked their vehicles in the street. From 2000 to 2009, they rented a space in the garage behind Abrom's home. They obtained a permit to construct a parking

space alongside their home from the municipality sometime before or in 2009. The parking space is only accessible over Abrom's driveway, in other words, over the easement. From 2009 to 2017, the Picinichs parked one vehicle in their parking space, and one on the street.

When the Picinichs' children reached driving age, they applied to the municipality for permits to build three extra spaces alongside their home, which would also be accessible only along the easement—Abrom's driveway. Abrom threatened legal action upon being informed of the issuance of the permit. The Picinichs nonetheless proceeded with construction. This litigation followed.

In competing certifications supporting and opposing summary judgment, the Picinichs' seller, grantee on the original conveyance, certified that the parties did not intend to limit the easement access in order to reach parking only in the rear yard. The seller believed the phrase "use their rear yard for parking" referred to building a garage in the back yard. The Picinichs certified that since it is practically impossible to access the rear yard of their house from the street without using Abrom's driveway,[1] and their rear yard is fenced, parking can only

_____

[1] It is undisputed that there is a utility pole and large tree in the Picinichs' front yard preventing them from building their own driveway.

A-3610-18T1

occur on the side, and therefore the easement was intended to allow for side yard parking.

Abrom certified that at the time the easement was created, no concrete/wood fence blocked the Picinichs' rear yard. At the time of the original sale, Abrom testified she understood parking for the Picinichs' home would be in their rear yard, but accessible over her driveway.

The judge concluded "the explicit language of the easement clearly states its intent: the easement 'is given so that grantees and their successors will be able to use their rear yard for parking.'" He interpreted the express language to "unambiguously" provide "for access to parking in the rear yard of the property." Because the language was so clear, he considered the certification by the Picinichs' predecessor in title to have been irrelevant.

The judge further found that the easement had been "voluntarily abandoned" because of the Picinichs' "intent to never make use of said easement going forward." The fence around the rear yard made it clear that the driveway would never be used to access the yard. The judge viewed the construction of the fence to express an intent to terminate the easement because its original purpose was no longer feasible. That the Picinichs did not know who or when that structure was created was in his opinion irrelevant. The judge denied

4

Abrom's claim for fees and costs for the Picinichs' trespass. He enjoined the Picinichs' further use of Abrom's driveway. The Picinichs' answer to the complaint includes as a third affirmative defense "the doctrines of estoppel, laches, and waiver." The judge did not discuss the equitable affirmative defenses because they were not raised in the moving papers on the motion for summary judgment or during oral argument.[2]

## I.

We review a trial court's grant of summary judgment de novo. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). We employ the same standard as the motion judge. Bhagat v. Bhagat, 217 N.J. 22, 38 (2014). Summary judgment is proper when "there is no genuine issue as to any material fact challenged and . . . the moving party is entitled to a judgment . . . as a matter of law." R. 4:46-2(c). The trial court is required to "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, [were] sufficient to permit a rational

---

[2] The record we have been provided makes no mention of the defense except in the answer. It is counsel's responsibility to draw our attention to materials in the record supporting arguments on appeal. State v. Hild, 148 N.J. Super. 294, 296 (App. Div. 1977).

A-3610-18T1

factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

## II.

For easements, "[t]he primary rule of construction is that the intent of the conveyor is normally determined by the language of the conveyance read as an entirety and in the light of the surrounding circumstances." Hammett v. Rosensohn, 26 N.J. 415, 423 (1958). When the language of the easement is unambiguous and the intent of the parties is evident, the language governs. Hyland v. Fonda, 44 N.J. Super. 180, 187 (App. Div. 1957). However, "when there is any ambiguity or uncertainty about an easement grant, the surrounding circumstances, including the physical conditions and character of the servient tenement, and the requirements of the grantee, play a significant role in the determination of the controlling intent." Ibid.

The language of the easement is clear and unambiguous, making the intent of the parties evident. See Hammett, 26 N.J. at 423; Hyland, 44 N.J. Super. at 187. Rear yard does not mean side yard—it means the driveway was available for travel so that the grantee could access parking in back of his structure. Any effort to cast a different light on the language is simply unconvincing. For the reasons stated by the judge, the interpretation is sound.

A-3610-18T1

The judge terminated the easement as "abandoned" because of the concrete/wood structure that for years has made parking in the rear yard a practical impossibility. The use of the driveway in order to access side yard parking was never contemplated by the grantors. That language is found nowhere in the deed.

## III.

In various points, the Picinichs also contend the judge's decision did not address defenses raised in the answer, including laches and unclean hands. Unfortunately, other than in the answer, those issues were never argued. We see nothing regarding those defenses in the record on appeal except in the Picinichs' answer.

In a somewhat different case involving a statute of limitations defense, the New Jersey Supreme Court stated that an initial pleading did not suffice to preserve a defense during litigation. Williams v. Bell Tel. Labs., Inc., 132 N.J. 109, 118-20 (1993). The Court said a defendant had waived a statute of limitations defense "by its failure to assert that defense at any stage of the proceedings after pleading the [defense] in its [a]nswer." Id. at 118. "The mere one time mention of the statute in [defendant's] [a]nswer . . . should not serve to preserve that otherwise-unasserted defense through the entire three-and-one-

half-year span of the litigation . . . ." Id. at 119-20. Here, the duration of the litigation was substantially shorter than in Williams—however, the principle is the same. Failure to raise the issues during the defense of a motion for summary judgment results in a failure to preserve a defense.

Furthermore, "jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves." State v. Robinson, 200 N.J. 1, 19 (2009). We rarely decide issues not presented to a trial judge when the opportunity was available. See State v. Witt, 223 N.J. 409, 419 (2015). Thus, we do not consider defenses raised for the first time on appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3610-18T1