U. S. RUBBER COMPANY, appellant, v. ARMAJO C. BROWER, d/b/a JONES TIRE COMPANY, appellee.

No. 50387.

DECEMBER 12, 1961.

Joseph L. Phelan, of Fort Madison, for appellant.

Napier & Fehseke, of Fort Madison, for appellee.

HAYS, J.—Plaintiff on March 12, 1960, filed its petition at law seeking a judgment against defendant for merchandise sold and delivered. In the petition it is alleged that on or about November 25, 1953, defendant, in order to induce the sale, falsely represented he had a net worth of $28,593.08. That plaintiff was induced by such representations, *particularly a financial statement dated August 16, 1954,* to sell said merchandise to him. That plaintiff on April 7, 1955, obtained a judgment for such amount but has received no payment thereon. A copy of the judgment entry and the petition therefor are attached to the instant petition as exhibits. That petition states the merchandise was sold and delivered to defendant between October 26, 1953, and March 31, 1954. On April 25, 1960, defendant moved to dismiss on the ground that the petition shows on its face that the cause of action is barred by the Statute of Limitations, chapter 614, Code, 1958. June 27, 1960, plaintiff filed an amendment to its petition alleging that fraud was not discovered by plaintiff until in November 1958. August 26, 1960, the trial court sustained the motion and dismissed the petition.

The trial court was correct in sustaining the motion to dismiss.

Section 614.1, Code, 1958, provides: "Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards * * *."

Section 614.1(5) states: "Those founded on unwritten contracts, those brought for injuries to property, or for relief on

the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions * * * within five years, * * *".

Section 614.4 states: "In actions for relief on the ground of fraud or mistake * * *, the cause of action shall not be deemed to have accrued until the fraud * * * shall have been discovered by the party aggrieved."

Plaintiff relies upon section 614.4 while defendant's motion is based upon section 614.1(5). It is difficult to determine from the petition just what is the basis for the relief sought. The amount for which judgment is asked is the price of the goods sold to defendant and for which he already has a judgment. The petition therein clearly shows that the goods were sold between October 26, 1953, and March 31, 1954, and, if judgment is for goods sold, section 614.1(5) applies and the ruling is correct.

If it be a law action for damages on account of fraud, it is not such an action as is protected by section 614.4, and section 614.1(5) is still applicable. See Higbee v. Walsh, 229 Iowa 408, 294 N.W. 597; Cole v. Hartford Acc. & Indem. Co., 242 Iowa 416, 46 N.W.2d 811.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.