90 N.J. Super. 578 (1966)
218 A.2d 873
EMANUAL RAPPEPORT, PLAINTIFF-APPELLANT,
v.
WILLARD E. FLITCROFT AND SUBURBAN DISCOUNT GARDEN CENTERS, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 21, 1966.
Decided March 30, 1966.
*579 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Howard R. Weil argued the cause for appellant (Messrs. Stone & Weil, attorneys; Mr. Leonard Stone, on the brief).
Mr. Robert D. Curran argued the cause for respondents (Messrs. Vaccaro & Osborne, attorneys; Mr. George A. Vaccaro, on the brief).
GOLDMANN, S.J.A.D.
Plaintiff's two-count complaint, filed December 3, 1964, sought damages for (1) damage to his automobile and (2) personal injuries resulting from a collision with the automobile of defendant Suburban Discount Garden Centers, Inc., operated by defendant Flitcroft, its employee. The accident occurred November 14, 1962. An amended complaint was filed December 11. Defendants filed their answer and demand for trial by jury on January 4, 1965. On January 6 they served upon plaintiff's attorneys a notice to take oral depositions, a request for statement of amount of damages claimed, and interrogatories. Following this, on January 22, 1965, they also served a notice of motion for judgment on the pleadings. (The motion was obviously directed to the personal injury claim.) The basis of that motion was that the claim was barred by the two-year statute of limitations.
At the hearing on February 5, plaintiff's counsel argued that the defense should have been raised in the answer under R.R. 4:8-3. Although R.R. 4:12-2(e) permitted this defense to be raised by motion, at the option of the pleader, because of "failure to state a claim upon which relief can be granted," such motion, he said, had to be made before answer *580 filed. He based this argument on the language of R.R. 4:12-8, which provides that "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer * * *." Counsel insisted then, as he does now, that this language sets up an order of procedure: the motion had to come first and then the answer. If the answer was filed first, without setting up the affirmative defense of limitations, such defense could not subsequently be raised by motion.
The fatal defect in this argument lies in the fact that R.R. 4:12-8 expressly permits what defendants did here. The rule reads:
"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except (a) that the defense of failure to state a claim upon which relief can be granted * * * may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits * * *." (Italics ours)
In Feil v. Senisi, 7 N.J. Super. 517 (Law Div. 1950), Judge (now Supreme Court Associate Justice) Brennan dealt with a situation where defendant moved to dismiss the second count of the complaint on the ground that the claim was barred by limitations. Plaintiff urged that defendant could not raise this defense by motion but had to plead it by way of answer. The judge cited Rule 3:9-5 (now R.R. 4:9-5) which provides that "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and should be considered like all other averments of material matter." He then went on to say that under that rule, "where it affirmatively appears on the face of the complaint that the action pleaded is barred by the statute of limitations, the defense can be raised by motion to dismiss under Rule 3:12-2(5) [now R.R. 4:12-2(e)] for failure to state a claim upon which relief can be granted." Although Feil dealt with a motion made before answer filed, it is authority for the proposition that *581 where the bar of the statute of limitations appears on the face of the complaint, it may be asserted as a "failure to state a claim upon which relief can be granted."
Under R.R. 4:12-8, it is entirely clear that this defense is not lost by failure to include it in the answer or to raise it by motion before filing an answer. It may be raised by motion for judgment on the pleadings, as here  a motion which the trial judge should have granted.
In light of the argument made by plaintiff's attorney at the hearing on that motion, defense counsel stated in open court that if it was necessary to comply with what his adversary suggested might be the rule, so as to make necessary an affirmative pleading, he would apply to amend the answer so as to plead the statute of limitations. The court directed that he serve plaintiff's attorney with notice of such a motion, and then denied the motion for judgment on the pleadings.
Notice of motion for an order to amend the answer to include the statute as a defense was served on February 8, 1965, and four days later defense counsel also served a notice of motion for an order dismissing the personal injury count of the complaint on the ground that the two-year limitation period had expired. Both motions were argued shortly thereafter, and eventually the trial judge dismissed the second count as barred by limitations, but denied the motion to amend the answer because such amendment was rendered unnecessary in view of his ruling on the motion to dismiss. This appeal followed.
As stated, the initial motion for judgment on the pleadings should have been granted. Since it was not, the motion to amend the answer (of which plaintiff's attorney had notice on February 5) should have been allowed. R.R. 4:15-1 provides that
"A party may amend his pleading as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is to be served and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his *582 pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * *"
The motion for judgment on the pleadings was made within 20 days of answer filed. Unsuccessful in this effort, defendants at once moved to amend the answer. The trial judge should have allowed the amendment in a proper exercise of his discretion. Since these motions came very early in the proceedings, there could be no prejudice to plaintiff.
We note that plaintiff's property damage claim (first count) has been settled.
Affirmed. No costs.