**Mary PRIDE, also known as Mattie Pride, Appellant,**

v.

**Roger F. PETERSON, Appellee.**

No. 53628.

Supreme Court of Iowa.

Jan. 13, 1970.

Hanson & Bormann, Emmetsburg, for appellant.

Beecher, Buckmaster, Beecher, Holmes & Lindeman and Butterfield, Hultman, Ball & Beekman & Peterson, Waterloo, for appellee.

MASON, Justice.

This is a law action for damages arising out of an alleged real estate transaction. Plaintiff Mary Pride originally owned two parcels of land in Waterloo's urban renewal area. Sometime before January 1, 1963, she started negotiating with the urban renewal board to purchase her properties. About this time she retained defendant Roger F. Peterson to represent her as her attorney in dealings with the board.

June 21, 1963, Mrs. Pride was injured and hospitalized. July 11 she signed a power of attorney appointing Peterson her attorney in fact. He had the instrument recorded July 12 in the Black Hawk County recorder's office. July 15 defendant made a written offer of sale of plaintiff's two properties to Waterloo for $9700 which the city accepted July 17. August 8 Peterson signed and had recorded a deed conveying plaintiff's properties to the city.

Plaintiff's petition was filed August 12, 1968. However, she served defendant August 5 with an original notice with copy of the petition attached asking money damages only, alleging defendant as her attorney fraudulently obtained a power of attorney from her and used it to convey her properties to the city under its urban renewal program for a price considerably less than an offer she had refused during negotiations had before her hospitalization. Plaintiff alleged she did not actually become aware of the sale until August 11, 1963. two days after her release from the hospital; at no time prior to August 8 did defendant advise or inform her of the transaction.

Defendant moved to dismiss plaintiff's petition on the ground it showed on its face it was based upon an alleged fraud

which arose more than five years before commencement of the action and was therefore barred by chapter 614, Code, 1966.

Sections 614.1 and 614.1(4), Code, as amended in 1967, provide:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * * on ground of fraud in cases heretofore solely cognizable in a court of chancery * * * within five years, * * *."

Rule 49, Rules of Civil Procedure, provides:

"Tolling limitations. For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions, whether the limitation inheres in the statutes creating the remedy or not, the delivery of the original notice to the sheriff of the proper county with the intent that it be served immediately (which intent shall be presumed unless the contrary appears) shall also be deemed a commencement of the action."

The trial court sustained defendant's motion and plaintiff's appeal challenges the correctness of this ruling. She asserts the court erred in sustaining defendant's motion because (1) under the facts her action is not barred by the statute of limitations and (2) the statute was tolled until the filing of the deed August 8, 1963. Plaintiff urges this second assignment as an alternative in the event we do not find her first one requires reversal.

I. Where the bar of the statute of limitations affirmatively appears on the face of the pleading, it may be asserted as a "failure to state a claim on which any relief can be granted". Liken v. Shaffer, D.C.Iowa, 64 F.Supp. 432, 446. See also Rappeport v. Flitcroft, 90 N.J.Super. 578, 579, 218 A.2d 873, 874, where the court considered the New Jersey rule based on Rule 12(b) (6), Federal Rules of Civil Procedure.

Our problem, inherent in plaintiff's first assignment, is whether the defense of limitations may ordinarily be raised by a motion to dismiss under the Iowa Rules of Civil Procedure.

In Iowa new rules of civil procedure were adopted effective July 4, 1943. Technical forms, including demurrers, are abolished (Rule 67); it is provided that when time is not material it need not be averred, but when material the date or duration of a continuous act must be alleged (Rule 92); any defense "which admits the facts of the adverse pleading but seeks to avoid their legal effect" must be specially pleaded (Rule 101); every defense in bar or abatement must be made in the answer or reply (Rule 103) except as allowed by Rule 104 which provides that a failure to state a claim on which any relief can be granted may be raised by motion to dismiss. See Annot., 61 A.L.R.2d 300 (1958).

Rule 104, R.C.P., insofar as pertinent here provides:

"Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto, if one is required, or if none is required, then at the trial, except that:

"* * *.

"(b) Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer. * * *."

The author in 1 Cook, Iowa Rules of Civil Procedure, Rev.Ed., 673, comments:

"This Rule is much like Federal Rule 12 (b); though the list of matters allowable is by no means identical. Where the two do correspond, the federal decisions may be persuasive."

Our rule 104(b) is substantially identical to Federal Rule 12(b) (6).

The rule does not use the term "cause of action". It is the failure to state a "claim on which any relief can be granted", and not failure "to state a cause of action", which is tested by the rule. It has been suggested "the only purpose that can be served in noting the distinction is perhaps to emphasize that the old technical rules of pleading no longer prevail". 1A Barron and Holtzoff, Federal Practice and Procedure (Rules Edition, Revised by Charles Alan Wright), section 356.

The author of the annotation in 61 A.L.R. 2d, supra, at 303 states "the majority of the cases which have considered the question under the Federal Rules of Civil Procedure hold that the defense [statute of limitations] may be raised" by motion to dismiss. On the other hand at 327 the author states, "A number of cases, under the Federal Rules or more or less similar state practice, have held that a motion to dismiss is not a proper method of raising the defense of limitations." Cases from jurisdictions supporting one or the other of these positions are collected in the annotation and Later Case Service.

The rationale of state jurisdictions applying strictly the rule that the bar of limitations is an affirmative defense to be specially pleaded and is not available on motion to dismiss is expressed in the following language.

In Davis v. Bonebrake, 135 Colo. 506, 512, 313 P.2d 982, 986, we find:

"The plaintiff need not anticipate the assertion of the statute of limitations and therefore negate its effect in her complaint, for the defendants may waive such defense. 'The statute of limitations is not ground for motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b), Colo.Rules of Civil Procedure, since under Rule 8(c) that is a defense which must be set forth affirmatively by answer. Baker v. Sisk, D.C., 1 F.R.D. 232. Neither is it a basis for dis-

missal on motion on the ground that it appears from the complaint that the claim accrued more than six years before the commencement of the action in this state, for the reason that in the absence of an affirmative defense based on the statute such defense is waived, and the assertion or waiver of the defense can only be determined from the answer. Furthermore, even if pleaded, the running of the statute may have been tolled, and plaintiff in his complaint is not required to anticipate the defense.' Smith v. Kent Oil Co., 128 Colo. 80, 261 P.2d 149, 150. See O'Byrne v. Scofield, 120 Colo. 572, 212 P.2d 867."

Davis v. Bonebrake, supra, was cited with approval in McPherson v. McPherson, 145 Colo. 170, 171, 358 P.2d 478, 479.

In Hough v. Menses, Fla., 95 So.2d 410, 412, the court said:

"Grounds (2) [res judicata] and (4) [the statute of limitations barred plaintiff from recovery] of the motion to dismiss are affirmative defenses which are not properly raised on motion to dismiss, but should be raised in an answer. See Fla.Rules Civ.Proc. rules 1.8(d) and 1.11(b), 30 F.S.A. The reason for this is that the plaintiff should not have the burden of anticipating a defense and then overcoming it in his initial pleading. Akin v. City of Miami, Fla., 1953, 65 So.2d 54, 37 A.L.R. 2d 691 and Tuggle v. Maddox, Fla.1952, 60 So.2d 158. Furthermore the burden is on the defendant to prove his affirmative defenses, which cannot be done in proceedings on a motion to dismiss."

In 1963 Hawkins v. Bay County Publishers, Inc., Fla.App., 148 So.2d 561, 564, after citing Hough with approval, added " * * * it is specifically provided that the statute of limitations, when relied upon as a defense, shall be set forth affirmatively [30 F.S.A. Rules of Common Law]. Rule 9(d). This method was purposely adopted to obviate the necessity of the initial pleader's setting forth that the

statute had been waived or tolled and to dispel any existing uncertainty in the law on the subject. If the statute is affirmatively ·pleaded and such waiver or tolling is considered by the plaintiff to have counteracted its effect he may present the matter by a reply under rule 8(a). Of course, being an affirmative defense, the defendant may waive the statute by ignoring it."

Some state jurisdictions require the defense of limitations to be pleaded in the responsive pleading even though it is apparent upon the face of the petition the action was not commenced within the time limited by law. See Hagen v. Altman, N.D., 79 N.W.2d 53, 59 and Johnson v. Wells-Lamson Quarry Co., 103 Vt. 475, 156 A. 681, 77 A.L.R. 492.

Federal Rule of Civil Procedure 8(c) provides that in pleading to a preceding pleading, parties shall affirmatively set forth certain defenses, one of which is that based on the statute of limitations. In some cases the federal courts have taken the view that this provision is mandatory and accordingly the defense of limitations may not be raised by a motion to dismiss. Other federal cases have held the total effect of rule 9(f) which provides that in testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matters and rule 12(b) (6) providing that failure to state a claim upon which relief can be granted may be made by motion, permits the defense of limitations to be raised by motion to dismiss where it appears from the complaint the action is barred. See 61 A.L.R.2d, supra, at 322.

"These cases reason that such a motion is an affirmative assertion of the defense which serves notice that defendant does not waive it and that it would be a useless waste of time and effort contrary to the spirit of the rules to require the defendant to prepare an answer if the case can be disposed of without further delay. The authorities so holding are so numerous that the matter should now be regarded as entirely settled." 1A Barron and Holtzoff, supra, section 281.

We have said the statute of limitations is normally an affirmative defense to be raised by the pleadings. Armstrong v. City of Des Moines (November 17, 1942), 232 Iowa 711, 715, 6 N.W.2d 287, 289, and citations, Ehlinger v. Ehlinger (November 14 1961), 253 Iowa 187, 192–193, 111 N.W.2d 656, 659, and the burden is upon the one so pleading to establish it by proof. Conklin v. Towne, 204 Iowa 916, 918, 216 N.W. 264, 266; Cuthbertson v. Harry C. Harter Post No. 839, 245 Iowa 922, 928, 65 N.W.2d 83, 87.

However, the court in interpreting our rule 104(b), R.C.P., determined in Liken v. Shaffer, supra, 64 F.Supp. at 444–446, that although nothing within the rule specifically provides for raising statute of limitations by motion to dismiss the question could obviously be raised under that part of the rule which states " 'failure to state a claim on which any relief can be granted may be raised by motion to dismiss.' * * * where it appears to a certainty that a plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claims asserted by him."

U. S. Rubber Co. v. Brower, 253 Iowa 363, 112 N.W.2d 662, involved defendant's motion to dismiss on the ground plaintiff's petition showed on its face the cause of action was barred by the statute of limitations. In affirming, this court said the trial court was correct in sustaining the motion to dismiss, but the issue of the availability of the defense of the statute of limitations on a motion to dismiss was not considered. It is no help on the question here.

In Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, the United

States Supreme Court endorsed "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

There is little doubt that under the rules a situation may be disclosed which permits the defense to be raised by motion to dismiss. In a clear case where the defense involved no genuine issue of fact it would be an unnecessary formality to call for an answer and go to trial when the result is almost foreclosed. 61 A.L.R.2d, supra, at 323.

■ We conclude the bar of limitations is primarily an affirmative defense to be specially asserted in a separate division of the responsive pleading to the claim for relief. Nevertheless, in a situation where it is obvious from the uncontroverted facts appearing on the face of the assailed pleading not only that the claim for relief may be barred but that it is necessarily so barred when the action is commenced, defense of limitations may properly be raised by motion to dismiss under the Iowa Rules of Civil Procedure. This is true whether the proceedings be at law or in equity.

For a further discussion of this problem see 5 Wright & Miller, Federal Practice and Procedure: Civil sections 1348, 1349.

■ II. Determination whether plaintiff's petition presents a situation which affords defendant the option of raising defense of limitation by motion to dismiss under the foregoing pronouncement must be based on matters alleged in the challenged pleading. Facts not so appearing, except those of which judicial notice may be taken, are to be ignored. Although such motion admits truth of all well-pleaded, issuable and relevant facts in the pleading attacked, it does not admit mere conclusions of fact or law not supported by allegations of ultimate facts. Halvorson v. City of Decorah, 258 Iowa 314, 319, 138 N.W.2d 856, 860; Hagenson v. United Telephone Company, Iowa, 164 N.W.2d 853, 855, and citations in these cases.

Plaintiff alleged in support of the claim asserted against defendant his employment to act as her attorney in negotiating with the urban renewal board, defendant's failure to advise or inform plaintiff of the transaction resulting in the sale of her properties, plaintiff's lack of knowledge of the sale prior to the recording of the deed and defendant's fraudulent concealment as the direct cause of plaintiff's loss of income and damage.

Defendant urges in support of the trial court's ruling that assuming plaintiff's petition states a cause of action based upon fraud it shows on its face it is a claim for money damages only and therefore her action is not protected by Code section 614.4 but only by sections 614.1 and 614.1 (4), supra, regardless of the attorney-client relationship between parties. Section 614.4 provides:

■ "Fraud—mistake—trespass. In actions for relief on the ground of fraud or mistake, and those for trespass to property, the cause of action shall not be deemed to have accrued until the fraud, mistake, or trespass complained of shall have been discovered by the party aggrieved."

This court has held in a long line of decisions that 614.4 and its predecessors apply only to actions for relief on the ground of fraud that were, at common law, solely cognizable in equity before the adoption of the statute; that an action at law for damages growing out of fraud or deceit is not such an action as was solely cognizable in chancery prior to the adoption of the statute and the provision of section 614.4 would not, therefore, apply to such actions. Cole v. Hartford Acc. &

Indem. Co., 242 Iowa 416, 425, 46 N.W. 2d 811, 816, and cases cited.

■ Plaintiff does not contend this statute is applicable but rather relies on the common law "doctrine of Fraudulent Concealment", first announced by this court in District Township of Boomer v. French, 40 Iowa 601, 603. We have applied it in both legal and equitable actions. Faust v. Hosford, 119 Iowa 97, 93 N.W. 58; Pullan v. Struthers, 201 Iowa 1179, 207 N.W. 235; Ogg v. Robb, 181 Iowa 145, 162 N.W. 217, L.R.A. 1918C, 981; Conklin v. Towne, 204 Iowa 916, 216 N.W. 264; Smith v. Middle States Utilities Co. of Delaware, 224 Iowa 151, 275 N.W. 158; City of Carroll v. Arts, 225 Iowa 487, 280 N.W. 869; Higbee v. Walsh, infra; and Cole v. Hartford Acc. & Indem. Co., supra. This is in accord with what has been described as the weight of authority. Hinkle v. Hargens, 76 S.D. 520, 523–526, 81 N.W.2d 888, 890–891; 54 C.J.S. Limitations of Actions § 206 b.

In its application this doctrine cannot be assumed, mere ignorance is not enough. Plaintiff must allege and prove facts showing (1) that the party against whom the cause of action exists did some affirmative act to conceal the cause of action, and (2) that plaintiff exercised diligence to discover the cause of action. Higbee v. Walsh, 229 Iowa 408, 422, 294 N.W. 597, 605; Code v. Hartford Acc. & Indem. Co., supra, 242 Iowa at 426, 46 N.W.2d at 817.

An exception exists, however, where a confidential or a fiduciary relationship is present. There the requirement that affirmative acts of concealment be alleged and proven is supplied by mere silence and diligence in discovering the fraud complained of is, likewise, greatly relaxed. Higbee v. Walsh, supra, 229 Iowa at 423, 294 N.W. at 605; Cole v. Hartford Acc. & Indem. Co., supra, 242 Iowa at 426–427, 46 N.W.2d at 817, and citations.

■ This attorney-client relationship created a fiduciary relationship between the parties with respect to the matter in which defendant was acting for plaintiff, Wilder v. Secor, 72 Iowa 161, 162, 33 N.W. 448, 449; Kornbau v. Evans, 66 Cal.App. 2d 677, 685, 152 P.2d 651, 656; Masters v. Elder, 407 Ill. 512, 518, 95 N.E.2d 360, 364, as a matter of law. Gaffney v. Harmon, 405 Ill. 273, 276, 90 N.E.2d 785, 788, 20 A.L.R.2d 1273. See also Miller v. Solomon, 49 Ill.App.2d 156, 161, 199 N.E.2d 660, 664. In such cases, by virtue of the duty existing, because of such relationship, to reveal to the client all facts which might affect her interest, the suppression or concealment of such facts by mere silence constitutes a concealment of the cause of action. Higbee v. Walsh, supra, 229 Iowa at 423, 294 N.W. at 605, and citations. Defendant's failure to disclose takes the place of the affirmative acts of concealment required when there is no such fiduciary relationship.

As we have stated before, plaintiff alleged defendant failed to advise or inform her prior to August 8, 1963, of the transaction. In view of the fiduciary relationship, this was sufficient if later proven at trial to toll the statute of limitations. Under these factual circumstances defense of limitations is not available by a motion to dismiss. It was error to sustain it.

We have considered defendant's other contentions urged in support of the court's ruling and find them to be without merit.

With leave to assert the defense again at a later stage of the proceedings if the facts should warrant, the case is

Reversed and remanded.

All Justices concur except REES, J., who takes no part and MOORE, C. J., and BECKER, J., who concur in result.