# IN THE COURT OF APPEALS OF IOWA

No. 3-1243 / 13-0126
Filed March 26, 2014

**MICHAEL SHAWN REYNA,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

Michael Shawn Reyna appeals the district court ruling denying his application for postconviction relief. **AFFIRMED.**

Jesse Macro of Gaudineer, Comito & George LLP, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Bridget Chambers, Assistant Attorney General, John Sarcone, County Attorney, and Non Horvat, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

Michael Shawn Reyna appeals the district court ruling denying his application for postconviction relief. Reyna claims the district court erred in finding his application was time-barred by the statute of limitations, and his trial attorney was not ineffective for waiving his defenses and constitutional rights. We find the application was time-barred, however, the State failed to raise the defense at any time. We also find the transcript of the criminal proceeding makes clear Reyna was properly informed of his constitutional rights and his attorney performed appropriately. We affirm.

## I.    Background Facts and Proceedings

Michael Reyna was charged with three counts of attempted murder and one count of injury and/or interference with a police service dog. Reyna eventually filed a notice of diminished responsibility and later agreed to execute a written waiver of his right to jury trial. By agreement of the parties, the court considered a stipulated record consisting of the minutes of testimony, depositions, and police reports. Reyna also waived the use of a pre-sentence investigation so he could be sentenced immediately. On February 3, 2006, following an in-court colloquy, and pursuant to the terms of a plea agreement, Reyna was sentenced to three concurrent twenty-five year terms of imprisonment for attempted murder. The injury and/or interference with a police service dog charge was dismissed on the State's motion. Reyna did not appeal.

On May 16, 2011, Reyna filed an application for postconviction relief. In it, he claimed his trial attorney was ineffective in several ways, all of which were

denied. In this appeal, Reyna claims his attorney was ineffective by failing to explain the practical effects of a waiver of his constitutional rights, specifically his right to confront and cross-examine witnesses, to present evidence and testify on his own behalf. He also claims the effect of his stipulation to a trial on the minutes of testimony was not properly explained to him. The district court denied the application finding it was: time-barred by the statute of limitations; denied the claims on the merits; found the trial court had adequately informed Reyna of his rights; found the waiver of the right to jury trial was properly obtained; and his attorney was not ineffective by allowing Reyna to accept a plea bargain.

## II. Standard of Review

We review postconviction relief proceedings for errors at law except for when the basis of relief is constitutional, in which case our review is de novo. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003).

## III. Discussion

### A. Statute of Limitations

Before deciding the merits of his claims, the district court found the application should be denied as it was time-barred by the statute of limitations. Reyna claims the statute of limitations is an affirmative defense that was waived as it was not raised by the State.

Applications for postconviction relief must be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2011). An exception exists for grounds of fact or law that could not have been raised within the

required period. *Id.* Because no such ground of fact or law was claimed by Reyna, the district court correctly determined the application was filed outside the three-year limitation period. However, Reyna is correct that the affirmative defense was waived by the State's failure to seek dismissal of the action.

Discussing the limitation defense in a postconviction relief proceeding, our supreme court has restated the general rule that the "defense must be affirmatively asserted by a responsive pleading." *Davis v. State*, 443 N.W.2d 707, 708 (Iowa 1989). The *Davis* court supported the rule by citing to *Pride v. Peterson*, 173 N.W.2d 549, 554 (Iowa 1970), which held the limitation defense "is primarily an affirmative defense to be specially asserted in a separate division of the responsive pleading to the claim for relief." *Id.* In situations where the defense is obviously applicable, the responding party is allowed to raise the defense by filing a motion to dismiss. *See Davis*, 443 N.W.2d at 708; *Pride*, 173 N.W.2d at 554.

The State did not raise the limitation defense in its answer[1] or in a motion to dismiss. In fact, the issue was not discussed during the postconviction relief trial. The State claims the issue was raised during the deposition of Reyna, the transcript of which was introduced during the postconviction relief trial. Considering the issue was not raised and discussed in any pleading or during the trial, we find the State waived the affirmative defense and the district court erred by applying the statute of limitations sua sponte.[2]

---

[1] No answer by the State appears in the record provided on appeal.

[2] The district court also found Reyna had waived his arguments because they could have been raised in an earlier proceeding. Our supreme court has long held, and the

### B.    Constitutional Issues

Reyna claims his trial attorney was ineffective for failing to object or explain the waiver of his constitutional rights, specifically the right to confront and cross-examine witnesses, the right to present evidence and testify on his own behalf.  He also claims the true nature of his stipulation to a trial on the minutes was not explained to him.

To establish his ineffective-assistance-of-counsel claim, Reyna must demonstrate his trial counsel failed to perform an essential duty and that failure prejudiced him.  *See State v. Hopkins*, 576 N.W.2d 374, *Strickland v. Washington*, 378; 466 U.S. 668, 687 (1984).  The burden is on Reyna to establish, by a preponderance of the evidence, both prongs.  *See State v. Cook*, 565 N.W.2d 611, 613–14 (Iowa 1997).  We employ a strong presumption counsel performed reasonably and competently.  *Id.* at 614.  Counsel cannot perform ineffectively by "merely failing to make a meritless objection."  *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008).

Reyna claims his trial attorney was ineffective by failing to object to the proceeding or explain to him there would be a limited record and the effect of the stipulated record.  He claims his attorney was similarly ineffective by not explaining the waiver of his right to confront witnesses, present evidence, and testify on his own behalf.  We find each of these rights was sufficiently explained to him by the district court during the colloquy.  The trial court judge asked Reyna

---

Iowa Code establishes, because trial counsel cannot be expected to raise a claim against himself or herself, ineffective assistance claims may be raised for the first time in an application for postconviction relief.  *See* Iowa Code § 814.7(1); *State v. Lucas*, 323 N.W.2d 228, 232 (Iowa 1982).

if he needed more time to discuss the issues with his attorney and whether Reyna was satisfied with the performance of his attorney. Reyna responded by replying the issues had been adequately discussed and he was satisfied with the services of his attorney. The court then went on to explain Reyna was waiving his right to a jury, to issue subpoenas and require witnesses to testify on his behalf, to testify (or not) on his own behalf, and to confront witnesses for the State through cross-examination. Reyna understood and waived each of these rights. The extent of the waiver was adequately discussed by the trial court judge and further explanation by his attorney would have accomplished nothing. An objection to the proceeding by his attorney would have been meritless and not required.

Reyna also complains his trial attorney was ineffective by agreeing to "an unholy hybridization of guilty plea, [and] trial by judge and trial by minutes." This type of trial is not the equivalent of a guilty plea, and guilty plea type procedures are not required. *State v. Sayre*, 566 N.W.2d 193, 195 (Iowa 1997). There is nothing in the record indicating Reyna intended to plead guilty by stipulating to the minutes of testimony, which might require a different procedure. *See id.* at 196. The trial court in this case complied with the requirements of *Sayre* during the colloquy and the nature of the proceeding was adequately explained to Reyna. Reyna's attorney was under no additional duty to object to the proceeding or engage in further in-court explanations. Additionally, considering the plea bargain offered by the State, and ultimately followed by the court,

counsel's suggestion to proceed with a trial on the minutes of testimony was reasonable.[3]

Having found Reyna was properly advised of his rights during the in-court colloquy, we affirm the decision of the district court.

**AFFIRMED.**

---

[3] Reyna gives us no testimony from his trial counsel that might allow us to more accurately assess counsel's reasons for proceeding with a bench trial on the minutes. We will not speculate as to an improper or ineffective motive on counsel's part.