# IN THE COURT OF APPEALS OF IOWA

No. 13-1128
Filed October 15, 2014

**LESLIE JEROME BELL,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.

Leslie Bell appeals from the district court's denial of his second application for postconviction relief. **AFFIRMED.**

Susan R. Stockdale, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, John P. Sarcone, County Attorney, and Michael T. Hunter, Assistant County Attorney, for appellee State.

Considered by Doyle, P.J., McDonald, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**DOYLE, P.J.**

In 2004, a jury found Leslie Bell guilty of attempted murder, first-degree burglary, willful injury causing serious injury, assault with intent to inflict serious injury, and going armed with intent. The State alleged that on June 15, 2003, Bell broke into the home of his former girlfriend, Lucinda DeBrown, hid in the basement, and then attacked DeBrown and her friend, Charles James, with a box cutter when they came home. Bell was sentenced to a term of imprisonment. This court affirmed his convictions on direct appeal. *State v. Bell*, No. 04-0414, 2005 WL 427536, at *4 (Iowa Ct. App. Feb. 24, 2005) ("*Bell I*").

In 2008, Bell filed his first application for postconviction relief. This court affirmed the district court's denial of Bell's application. *Bell v. State*, No. 09-1421, 2011 WL 441972, at *2 (Iowa Ct. App. Feb. 9, 2011) ("*Bell II*"). In 2012, Bell filed his second application for postconviction relief. After addressing each of the issues raised by Bell, the district court denied Bell's application. He now appeals.

We first address the State's waiver of the statute of limitations and res judicata defenses. We note, as the district court did, it appears Bell's application is barred by the three-year statute of limitations. *See* Iowa Code § 822.3 (2012) (providing postconviction-relief "applications must be filed within three years from the date the conviction or decision is final . . . ."). Here, the uncontroverted facts in Bell's application show the limitations period had passed. An exception exists for grounds of fact or law that could not have been raised within the required period. *Id.* No such ground of fact or law was claimed by Bell. But, the State failed to timely assert the statute of limitations defense and therefore waived it.

Discussing the limitations defense in a postconviction-relief proceeding, our supreme court has restated the general rule that the "defense must be affirmatively asserted by a responsive pleading." *Davis v. State*, 443 N.W.2d 707, 708 (Iowa 1989) (citing *Pride v. Peterson*, 173 N.W.2d 549, 554 (Iowa 1970)). The limitations defense "is primarily an affirmative defense to be specially asserted in a separate division of the responsive pleading to the claim for relief." *Pride*, 173 N.W.2d at 554. In situations where the defense is obviously applicable, the responding party is allowed to raise the defense by filing a motion to dismiss. *See Davis*, 443 N.W.2d at 708; *Pride*, 173 N.W.2d at 554.

The State did not raise the limitations defense in its answer or in a motion to dismiss. Even after the issue was raised *sua sponte* by the district court at the commencement of the postconviction bench trial, the State did not take the bait. The State did not address the issue at any point during the trial. It was not until almost a month after the trial, when it filed its proposed findings of fact, conclusions of law, and argument that the State first claimed Bell's claims were time-barred. That was too late; the State had already waived the affirmative defense by failing to assert the defense in either its answer or in a motion to dismiss. In its order denying Bell's application, the district court aptly noted it could not, "*sua sponte*, find that the statute of limitations bars Bell's claim when the State waived the defense prior to trial." We agree.

At the commencement of the trial, the district court noted Bell's application also appeared to be barred by Iowa Code section 822.8 because of Bell's prior postconviction-relief proceedings. Section 822.8 provides:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

In its order denying Bell's application, the district court concluded:

> Bell previously asserted several of the claims at issue in this case during a postconviction-relief proceeding that proceeded to trial in 2009. Again, on its face, Bell's application appears to be barred by Iowa Code section 822.8. However, the State failed to raise the affirmative defense in its answers or in a pre-trial motion. This court finds that because the State waived these affirmative defenses prior to trial, these principles cannot now be used to bar Bell's application.

(Internal citations omitted.) We agree. Moreover, we share the trial court's frustration and reiterate its sentiments:

> Not only does [the failure to assert necessary affirmative defenses] prevent the court from disposing of cases on purely legal grounds, it creates significantly more work for the court, [requiring it to address] issues that could have been otherwise easily disposed of based upon res judicata because the same grounds for relief were [previously] raised by the applicant . . . [and previously] addressed by the court on an earlier occasion.

The same could be said about the failure to raise the statute-of-limitations defense. So, the statute-of-limitations and res judicata defenses having been waived, we therefore turn to the merits of Bell's claims.

On appeal, he asserts his trial counsel was ineffective in (1) not allowing him to testify and (2) failing to request a jury instruction on mistake of fact. We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To prevail on his ineffective-assistance-of-

counsel claims, Bell must show (1) his trial counsel failed to perform an essential duty and (2) prejudice resulted. *See id.* A reviewing court need not examine both prongs if one is lacking. *See Lamasters v. State*, 821 N.W.2d 856, 867 (Iowa 2012).

The first prong requires proof that counsel did not act as a "reasonably competent practitioner" would have acted. *See State v. Simmons*, 714 N.W.2d 264, 276 (Iowa 2006). We presume the "attorney performed competently and avoid second-guessing and hindsight." *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). "Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Id.* at 174. Additionally, "[c]ounsel has no duty to raise an issue that has no merit." *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).

To show prejudice under the second prong, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ennenga*, 812 N.W.2d at 701. A reasonable probability is one "sufficient to undermine confidence in the outcome." *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010).

Bell's first claim, that his trial counsel was ineffective in not allowing him to testify, was previously addressed by this court in Bell's prior postconviction-relief proceedings. There, we agreed with the district court's findings that Bell's defense counsel "'exercised reasonable judgment and strategy in analyzing whether he should let Bell testify'" and that "Bell failed to meet his burden to show the result of the trial would have been different if his attorney had advised him differently." *Bell II*, 2011 WL 441972, at *1. We determined Bell failed to

show he received ineffective assistance of counsel. *Id.* at *2. In this second postconviction-relief proceeding, we are presented with nothing to change our original determination. Furthermore, the district court in this second proceeding concluded:

> A complete record was made outside the presence of the jury with Bell by both his trial attorney and the trial judge . . . on whether Bell desired to testify or not. . . . After an extensive discussion, Bell stated: "I do not want to testify." There is no showing that counsel was ineffective in expressing his opinion that [Bell] should not testify. Further, in his deposition, [Bell's attorney] adequately sets forth his reasons for recommending to Bell that he not testify. The pros and cons of Bell testifying are adequately laid out in the trial transcript and show that Bell made a knowing waiver of his right to testify at trial. Bell is not entitled to postconviction relief on this issue.

We agree.

Bell's second claim is that his trial counsel was ineffective in failing to request a mistake-of-fact instruction. *See* Iowa Crim. Jury Instructions 200.39 (stating a mistake of fact "must be because of a good faith reasonable belief by the defendant, acting as a reasonably careful person under similar circumstances"). Bell alleged he believed he was an occupant of DeBrown's residence on the date in question and, had the jury been properly instructed, the jury would not have found Bell guilty of burglary.

After carefully analyzing this claim and applicable law, the district court reasonably concluded:

> The court finds that without Bell's own testimony that he believed he had some right or authority to enter or be in DeBrown's residence on June 15, 2003, there was no basis for the court to have given a mistake-of-fact instruction. Thus, [Bell's attorney] was not ineffective for failing to request it. The court only has a duty to instruct on a legal issue which is generated by the evidence in the case. The evidence Bell presented was permissible under Iowa

Code section 701.6. However, it did not rise to the level necessitating the mistake-of-fact instruction.

As stated in [*State v.*] *Freeman*, [267 N.W.2d 69, 70 (Iowa 1978)], "the act to be justified must be taken under a bona fide mistaken belief." To establish such a mistaken belief, under these facts, Bell himself was required to establish his belief by either directly testifying to it or presenting other admissible evidence that established his state of mind that he had some right or authority which entitled him to be inside DeBrown's home. From the record, Bell's evidence presented at trial did not establish the bona fide mistaken belief. Since the evidence did not justify the giving of the mistake-of-fact jury instruction, his trial attorney was not ineffective for failing to request it.

Again, we agree.

On appeal, Bell also asserts three pro se claims: (1) the trial court erred in not dismissing the trial information when the State failed to include the essential element of malice aforethought under the attempt to commit murder count; (2) his sentence is illegal because the charge for willful injury causing serious injury should have merged with the attempted murder charge; and (3) the evidence does not support his conviction for burglary in the first degree. We address each claim in turn.

Bell claims the trial court had a duty to *sua sponte* dismiss the trial information when the charge of attempt to commit murder lacked the essential element of malice aforethought. Neither the trial information nor the jury instructions listed malice aforethought as an element of the offense. This court has specifically found that malice aforethought is not an element of the crime of attempt to commit murder. *See State v. Kehoe*, 804 N.W.2d 302, 313 (Iowa Ct. App. 2011). Since malice aforethought is not an element of the crime, the trial court did not err in not dismissing the trial information. Thus, Bell's claim fails on this issue.

Bell claims his convictions for both willful injury and attempt to commit murder results in an illegal sentence. Willful injury causing serious injury is not a lesser-included offense of attempt to commit murder. *See State v. Clarke*, 475 N.W.2d 193, 196 (Iowa 1991). Since one is not a lesser-included offense of the other, the charges do not merge—and the sentences do not merge. Therefore, Bell did not receive an illegal sentence and his claim fails on this issue.

Bell claims the jury's burglary-in-the-first-degree verdict is not supported by sufficient evidence. This court previously addressed Bell's insufficiency-of-the-evidence claims on direct appeal. There, we determined "there is sufficient evidence to support Bell's convictions." *Bell I*, 2005 WL 427536, at *2. In making that determination, we noted:

> [T]he broken window in the basement supports the finding that Bell broke into the house. Bell's threats to DeBrown support a finding that he broke in with an intent to cause her harm. Bell's threats and the fact that he had a box cutter show he specifically intended to cause her death or serious injury. Also, when Bell fought with James, he intended to injure James. Furthermore, there is substantial evidence to show Bell was armed with a box cutter with the intent to use it against another person.

*Id.* It having been previously determined sufficient evidence supported the jury's verdict, Bell's claim fails on this issue.

For all the above reasons, we affirm the district court's ruling denying Bell's application for postconviction relief.

**AFFIRMED.**