# IN THE COURT OF APPEALS OF IOWA

———————

No. 24-1389
Filed March 11, 2026

———————

**Dakota Michael Poland,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

———————

Appeal from the Iowa District Court for Des Moines County,
The Honorable John M. Wright, Judge.

———————

**AFFIRMED**

———————

Jacob Heard of Iowa Defenders, PLLC, Clive, attorney for appellant.

Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney General, attorneys for appellee.

———————

Considered without oral argument
by Greer, P.J., Schumacher, J., and Doyle, S.J. Buller, J., takes no part.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

Dakota Poland appeals the denial of his second postconviction relief (PCR) application challenging his convictions of first- and second-degree kidnapping and willful injury. Although the PCR court denied the application on other grounds, we conclude Poland's second PCR application is time-barred and therefore affirm.

## I.  Background Facts and Proceedings.

In November 2016, a jury found Poland guilty of first-degree kidnapping, second-degree kidnapping, and willful injury. *See State v. Poland*, No. 17-0189, 2018 WL 3302201, at *1–2 (Iowa Ct. App. July 5, 2018) (discussing facts underlying Poland's convictions). Poland's convictions were affirmed on direct appeal. *Id.* at *2–6. Procedendo issued on Poland's direct appeal on October 16, 2018.

On December 10, 2018, Poland filed his first PCR application, which he amended on January 17, 2019. The district court denied Poland's application on the merits. A panel of our court affirmed the denial on appeal, *Poland v. State*, No. 20-0504, 2021 WL 3076554, at *2 (Iowa Ct. App. July 21, 2021), and procedendo issued on September 16, 2021.

On April 11, 2022, more than three years after procedendo issued in Poland's direct appeal, Poland filed his second PCR application. In the State's answer to the second PCR application, in response to Division I, regarding jurisdiction, the State alleged: "PCLA005644 Petition filed 4/11/2022 more than three years past 10/16/2018 the initial appellate decision for Statute of Limitations purposes, but less th[a]n three years from the procedendo from the post-conviction relief Appeal for the Ineffective assistance of counsel claim made."

At the PCR trial, regarding the statute of limitations, the State argued as follows: "And as far as argument, I'm going to say that these have already been brought up; we're outside of the statute of limitations at the time he filed; and I'd ask that the Court dismiss this matter, Your Honor." At no point during the PCR trial did Poland argue that the State waived the statute of limitations defense. Instead, Poland responded to the defense by arguing that the equitable tolling doctrine applied to save his claims from the statute of limitations.

The PCR court found that the State's answer regarding Division I of the PCR application, along with oral argument at the PCR trial, was insufficient to raise a statute of limitations defense. The PCR court thus concluded that the State waived the defense but denied Poland's second PCR application on the merits. Poland appeals.

## II. Standard of Review.

Typically, we review PCR proceedings for correction of errors at law. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). But "we review claims of ineffective assistance of counsel de novo." *Id.*

## III. Analysis.

To start, the State argues that Poland's second PCR application is barred by the three-year statute of limitations set forth in Iowa Code section 822.3 (2022). The PCR court found the State's brief mention of the statute of limitations and failure to specifically assert the defense in an affirmative defense, coupled with the failure to file a motion to dismiss, prevented its consideration of the issue. Poland argues the PCR court properly determined that the State waived the statute of limitations defense

3

by failing to sufficiently raise it. We conclude the State did not waive the statute of limitations defense and Poland's claims are time-barred.

Iowa Code section 822.3 provides that PCR applications "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." A PCR applicant cannot avoid the statute of limitations by alleging ineffective assistance of postconviction counsel. Iowa Code § 822.3.

There is no dispute that Poland's second PCR application was filed beyond the three-year statute of limitations set forth in section 822.3. Instead, at issue is whether the State sufficiently raised the statute of limitations defense.

A statute of limitations defense "is primarily an affirmative defense to be specially asserted in a separate division of the responsive pleading to the claim for relief." *Pride v. Peterson*, 173 N.W.2d 549, 554 (Iowa 1970). That said, our supreme court has required only that the defense "must be affirmatively asserted by a responsive pleading." *Davis v. State*, 443 N.W.2d 707, 708 (Iowa 1989); *see also* Iowa R. Civ. P. 1.419 ("Any defense that . . . admits the facts of the adverse pleading but seeks to avoid their legal effect, must be specially pleaded." (cleaned up)). Further, a statute of limitations defense may be raised for the first time in a motion to dismiss when it is obvious from the face of the application that the application is time-barred. *See Pride*, 173 N.W.2d at 554.

Where neither an answer nor a motion raised a statute of limitations defense, our court found the defense waived. *See Reyna v. State*, No. 13-0126, 2014 WL 1234142, at *2 (Iowa Ct. App. Mar. 26, 2014). In *Reyna*, a panel of

our court concluded the State waived the statute of limitations defense under the following circumstances:

> The State did not raise the limitation defense in its answer or in a motion to dismiss. In fact, the issue was not discussed during the postconviction relief trial. The State claims the issue was raised during the deposition of [the applicant], the transcript of which was introduced during the postconviction relief trial. Considering the issue was not raised and discussed in any pleading or during the trial, we find the State waived the affirmative defense and the district court erred by applying the statute of limitations sua sponte.

*Id.* (footnotes omitted).

Here, we conclude that the State sufficiently raised the statute of limitations defense such that it was not waived. The State's answer raised the defense in response to the jurisdictional statement in Poland's second PCR application. The State specifically alleged that the application was filed beyond the statute of limitations. The State then raised the statute of limitations issue again at trial, asking the district court to dismiss on that ground. While we find the better practice would be to assert the affirmative defense in a separate division of the answer, we conclude that, in this case, the allegation in the answer was sufficient for the State to maintain its statute of limitations defense. For that reason, we conclude Poland's claims are time-barred and affirm the denial of his second PCR application.

**AFFIRMED.**