704 A.2d 1293

IAN DAVID KASS, PLAINTIFF–RESPONDENT, v. GREAT COAST-
AL EXPRESS, INC., DEFENDANT–APPELLANT, AND ALGER
BATTS, JR., INDIVIDUALLY AND AS AGENT OF GREAT
COASTAL EXPRESS, INC., JAMES VENA, INDIVIDUALLY
AND AS AN AGENT OF GREAT COASTAL EXPRESS, INC.,
RICHARD WIMBISH AND CHARLES DEES, T/A DAC SER-
VICES AND JOHN DOES NOS. I, II, III AND IV, DEFEN-
DANTS.

Argued January 5, 1998—Decided February 9, 1998.

*Grayson Barber*, argued the cause for appellant (*Smith, Stratton, Wise, Heher & Brennan*, attorneys; *Peter R. Freed*, of counsel; *Ms. Barber* and *Peter R. Freed*, on the briefs).

*Franklyn C. Steinberg, III,* argued the cause for respondent.

PER CURIAM.

This case involves the law of private defamation and the qualified privilege that applies to bar such claims. Plaintiff has brought a trade libel action against his former employer alleging that the employer had furnished to prospective employers defamatory references concerning plaintiff's employment record. The trial court entered judgment in favor of defendant on the basis of the jury's answers to certain interrogatories. The two critical interrogatories were:

3. Has plaintiff proven by a preponderance of the evidence that the statements made about him were made by the defendants with the knowledge that they were false or with reckless disregard for their truth or falsity?

Answer—Yes: 5–1.

4. Has plaintiff proven by clear and convincing evidence that defendant's sole, chief or primary motivation in communicating the statement was ill will or spite toward the plaintiff?

Answer—No: 6–0.

On plaintiff's appeal the Appellate Division granted him a new trial on liability and damages. All of the panel members agreed that plaintiff had established the trade libel and that the jury had been incorrectly charged concerning the employer's qualified privilege to furnish information concerning the qualifications of · a former employee. One member of the panel dissented. He would have limited the retrial to the issue of qualified privilege only, the jury having established the libel and the resulting damages. Defendant's appeal is as of right on the basis of the dissent below and by our grant of defendant's petition for certification. 149 *N.J.* 34, 692 *A.*2d 48 (1997). We affirm in part and modify in part, substantially for the reasons stated in the two opinions reported at 291 *N.J.Super.* 10, 676 *A.*2d 1099 (1996).

In trade libel actions, the qualified privilege to publish defamatory information has "emerged as one of the prime means for the common law to balance the interests in reputation with the publication of information in the public interest." *Dairy Stores,*

*Inc. v. Sentinel Publ'g Co.,* 104 *N.J.* 125, 137, 516 *A.*2d 220 (1986). In trade libel actions, "a qualified privilege extends to an employer who responds in good faith to the specific inquiries of a third party regarding the qualifications of an employee." *Erickson v. Marsh & McLennan Co.,* 117 *N.J.* 539, 562, 569 *A.*2d 793 (1990).

■■■ The privilege has limits. A publisher abuses the privilege "if (1) the publisher knows the statement is false or the publisher acts in reckless disregard of its truth or falsity; (2) the publication serves a purpose contrary to the interests of the ·qualified privilege; or (3) the statement is excessively published." *Williams v. Bell Tel. Lab. Inc.,* 132 *N.J.* 109, 121, 623 *A.*2d 234 (1993) (citations omitted). As articulated in *Erickson, supra,* an abuse of a qualified privilege must be proven by clear and convincing evidence. 117 *N.J.* at 565, 569 *A.*2d 793.

■■■ We therefore agree with the majority of the Appellate Division that a new trial is required because, although the answer to interrogatory three was sufficient to establish the tort of private defamation,[1] questions three and four, which derive from an out-dated model jury instruction, did not give the jury the opportunity properly to consider whether defendant abused its qualified privilege. Although question three focused on one of the three elements set forth in *Williams, supra,* 132 *N.J.* at 121, 623 *A.*2d 234, for establishing an abuse of the privilege, it did not require the jury to find knowledge or recklessness by clear and convincing evidence. Question four, although it included the appropriate burden of proof, only asked the jury to consider

---

[1] In order successfully to prove a private defamation claim—that is, a claim of defamation involving a statement that does not relate to a public figure or to matters of public concern—a plaintiff must establish that the speaker knew the statement was false when communicated, that the statement was made with reckless disregard of its truth or falsity, or that the speaker acted negligently in failing to ascertain the falsity of the statement before communicating it. 291 *N.J.Super.* at 17, 676 *A.*2d 1099 (citing *Turf Lawnmower Repair, Inc. v. Bergen Record Corp.,* 139 *N.J.* 392, 413, 655 *A.*2d 417 (1995), *cert. denied,* 516 *U.S.* 1066, 116 *S.Ct.* 752, 133 *L.Ed.*2d 700 (1996)).

whether defendant spoke with ill will or spite. Although the speech of one who is primarily or chiefly motivated by spite does not serve the interests that the qualified privilege is designed to serve, the jury in this case was not asked to consider whether defendant's speech served some other purpose contrary to the interests of the privilege. Nor did the court ask the jury whether defendant excessively published its statement.

We agree, however, with the dissenting member of the Appellate Division that the retrial should be limited to the privilege issue only. The jury's verdict, finding that defendant had defamed plaintiff, that the defamation caused $15,000 in damages, and that plaintiff was not entitled to collect punitive damages, was not irremediably tainted by the error in the charge.

Because knowledge of or reckless disregard for falsity serves to establish both (1) an element of the tort of private defamation, and (2) if proven by clear and convincing evidence, an abuse of an employer's qualified privilege to furnish employment records, the Appellate Division majority reasoned that when the qualified privilege is at issue a jury should be asked to consider the issue only once and under the standard of clear and convincing proof. Although we agree that it is a bit confusing to ask a jury to consider under two standards of proof (preponderance of the evidence versus clear and convincing evidence) whether the allegedly defamatory statements were made with knowledge of or reckless disregard for falsity, we cannot agree that the plaintiff must be required to cross the higher threshold of clear and convincing proof in order to establish the tort when there are other bases to prove an abuse of the qualified privilege. For example, a jury in another case might find by a preponderance of the evidence, but not by clear and convincing evidence, that a defendant showed a reckless disregard for the truth or falsity of its reports on a former employee. The jury might also find by clear and convincing evidence that that defendant published its reports excessively. The plaintiff employee, based on such findings, would be entitled to receive whatever damages the jury

awarded. However, if the court had only asked whether clear and convincing evidence supported the finding of recklessness, the jury would have responded in the negative. The defamation, although proven by a preponderance of the evidence, would not have been established by the jury's answers to the special interrogatories.

We note that the Committee on Model Jury Charges, Civil, has modified the model jury charge on abuse of the qualified privilege in light of the Appellate Division's opinion in this matter. *Model Jury Charges (Civil)* § 3.11B3 Qualified Privilege (May 23, 1997). It appears, however, that the instruction would allow a plaintiff to establish an abuse of the qualified privilege by showing to a mere preponderance of the evidence that a defendant has spoken with knowledge of or reckless disregard for a statement's falsity. The Committee may wish to specify that, even though knowledge or recklessness need only be proven by a preponderance of the evidence to establish the trade libel, if knowledge or recklessness is to serve as the basis for the speaker's abuse of the privilege, it must be proven by clear and convincing evidence.

The opinion of the Appellate Division is affirmed in part, reversed in part, and remanded for a trial on the abuse-of-privilege issue.

*For affirmance in part; reversal in part; and remandment—* Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN, and COLEMAN—7.

*Opposed*—None.