.712 A.2d 262

SEAL TITE CORPORATION, PLAINTIFF–APPELLANT, v. KENNETH BRESSI, PETER CARLSON, GEOFFREY YALDEN, BRUCE COTTRELL, ROBERT L. SLATTERY AND TOWNSHIP OF JACKSON, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted May 26, 1998—Decided June 19, 1998.

534

Before Judges HAVEY, LANDAU and COLLESTER.

*Edward F. Bezdecki,* attorney for appellant.

*Orlovsky, Grasso & Bolger,* attorneys for respondent Kenneth Bressi (*Matthew J. Heagen,* on the brief).

*John A. Peterson, Jr.,* attorney for respondents Peter Carlson, Geoffrey Yalden, Bruce Cottrell, Robert L. Slattery and Township of Jackson.

The opinion of the court was delivered by

LANDAU, J.A.D.

Plaintiff Seal Tite Corporation is in the business of performing public road alignment and construction projects. Various problems were encountered during a project performed by Seal Tite on a county road that runs through the Township of Jackson (Township). Resulting delays, safety concerns and inconvenience were a source of widespread local complaints and public attention. This

led to adoption and transmittal to the County of Ocean of a resolution by the Mayor and the Township Committee, which then included defendants Peter Carlson, Geoffrey Yalden, Bruce Cottrell (now deceased), Robert Slattery and Kenneth Bressi. Bressi was the Mayor and the other individual defendants were Committeemen. The resolution, unanimously adopted, recites in general terms some of the local problems experienced during the road project. It goes on to formally urge "the County of Ocean to take whatever actions are necessary to delete said Seal–Tite Corporation from its bidding list in the future in order to avoid the disastrous problems which have occurred in connection with this contract for the County Line Road Contract [sic] with Ocean County."

Seal Tite responded by filing a Law Division complaint which, as amended,[1] joined all the above named individual defendants and the Township in an action for defamation and conspiracy to defame, interference with public bidding statutes, intentional interference with contractual relations, malicious interference with prospective economic advantage, and violations of the state "RICO"[2] Act, (*N.J.S.A.* 2C:41–1 to –6.2).

Defendants moved for summary judgment. Their motion was granted by two separate orders, each dated May 30, 1997.[3] Seal Tite has appealed, reasserting its contentions below that defendants incorrectly and improperly sought to blame Seal Tite for delays and problems not of its making, and that such fixing of fault was done for political reasons or because of a desire to injure Seal Tite. Seal Tite presents a legal argument that the motion judge failed adequately to explain the basis for his conclusion that the challenged resolution was "legislative" and so entirely immune

---

[1] Seal Tite has not provided us with a copy of the complaint in its amended form. However, defendants' appendix includes their answer to an amended complaint which obviously included the Township as a defendant.

[2] Racketeer Influenced and Corrupt Organizations.

[3] Neither order includes the deceased Bruce Cottrell.

from plaintiff's action, and says the judge did not respond to its request to decide whether the defendants acted with "malice." We find no such request in the record. Rather, plaintiff's attorney asked the judge to decide whether the statements contained in the resolution were libelous.

Evidently assuming the *prima facie* defamatory quality of the publication for purposes of the motion, the judge expressly found that the above quoted resolution was "passed ... in a regular manner" and "was ... essentially a legislative function." In consequence, he held "that it results in protection to the defendants both individually and as a body." Although he felt "there is some merit to the argument that there would nevertheless be qualified immunity," the judge made clear that the basis for his holding was "immunity" arising out of legislative action, and thus refused the request of plaintiff's counsel to make an express finding as to whether the resolution was actually libelous *per se.* The judge stated that he assumed for the purposes of the motion argument that "there were politics involved." Beyond the passing reference quoted above, the judge did not consider whether qualified immunity or privilege was applicable in the circumstances, or whether, on the motion materials placed before the court, summary judgment could be afforded on the basis of qualified, rather than absolute, privilege or immunity.

We conclude that whether the resolution may be deemed an absolutely privileged act or not, summary judgment was properly afforded to the municipality and to the individual defendants.

■ The resolution adopted by defendants was clearly aimed at bringing to the attention of the County the views of the Township Committee respecting the performance of only one entity, plaintiff Seal Tite. So viewed, its characterization as an act purely "legislative" may be open to question, *see, e.g., Acierno v. Cloutier,* 40 *F.*3d 597, 610–13 (3d Cir.1994), notwithstanding the validity of the procedural process employed in adoption of the resolution.

In *Cuprowski v. City of Jersey City,* 101 *N.J.Super.* 15, 27, 242 *A.*2d 873 (Law Div.), *aff'd o.b.,* 103 *N.J.Super.* 217, 247 *A.*2d 28

(App.Div.), *certif. denied,* 53 *N.J.* 80, 248 *A.*2d 433 (1968), it was held that fixing of a municipal budget was administrative rather than legislative in nature. The court adopted the view expressed at 5 McQuillin, *Municipal Corporations,* § 16.55 (3d ed.) that " 'action relating to subjects of permanent and general character are usually regarded as legislative, and those providing for subjects of temporary and special character are regarded as administrative.' " *Cuprowski, supra,* 101 *N.J.Super.* at 24, 242 *A.*2d 873. *See also Township of North Bergen v. City of Jersey City,* 232 *N.J.Super.* 219, 226, 556 *A.*2d 1255 (App.Div.), *certif. denied,* 117 *N.J.* 632, 569 *A.*2d 1334 (1989). In *Burke v. Deiner,* 97 *N.J.* 465, 479 *A.*2d 393 (1984), the Supreme Court considered an allegedly defamatory resolution adopted by a municipal authority against the backdrop of the Tort Claims Act. After reciting applicable case law, it "distill[ed] from these holdings that immunity varies in proportion to the nature of the official functions and the range of decisions that conceivably might be taken in the exercise of those duties."[4] *Burke, supra,* 97 *N.J.* at 475, 479 *A.*2d 393. The Court held "that in defamation actions against non-constitutional public officers arising from the exercise of administrative discretion, immunity will not be lost unless the defamation is made with actual malice in the *New York Times v. Sullivan* [5] sense: 'with knowledge that it was false or with reckless disregard of whether it was false or not.' " *Ibid.* This must be established by clear and convincing evidence. *Burke, supra,* 97 *N.J.* at 481, 479 *A.*2d 393.

---

[4] Mr. Peterson has called to our attention the recent United States Supreme Court decision in *Bogan v. Scott–Harris,* —— *U.S.* ——, 118 *S.Ct.* 966, —— *L.Ed.*2d —— (1998) which afforded absolute legislative immunity under 42 *U.S.C.A.* § 1983 to local officials in connection with adoption of an ordinance which was found to be traditionally and fundamentally legislative in nature because it had general applicability, with implications well beyond that of the person immediately affected. *Bogan* 's holding is not inconsistent with the New Jersey authorities cited above.

[5] *New York Times Co. v. Sullivan,* 376 *U.S.* 254, 84 *S.Ct.* 710, 11 *L.Ed.*2d 686 (1964).

While declining to extend absolute immunity to the speech contained in the authority's resolution discharging its executive director; the *Burke* Court concluded that the plaintiff failed to demonstrate *New York Times* actual malice by clear and convincing evidence.

Subsequently in *Dairy Stores, Inc. v. Sentinel Publ'g Co.*, 104 *N.J.* 125, 516 *A.*2d 220 (1986), a case not involving governmental entities, the Court held that expressions of opinion by private parties respecting matters of important public interest are subject to the defense of fair comment which, like the privilege established in *Burke*, can only be overcome by clear and convincing proof of actual malice. Judge Garibaldi, concurring, believed that criticism of a product affecting the public interest, as distinct from an attack upon the character of a person, should more accurately be considered in the context of product disparagement rather than defamation. Presumably where a service, such as road construction, is the "product," similar criticism of quality of performance would in her view likewise be categorized as "disparagement," but nonetheless remain subject to the same actual malice standard employed in *Burke* and by the *Dairy Stores* majority. Indeed, in a private trade libel action, this qualified privilege to publish defamatory information has been recently reaffirmed by the Supreme Court in *Kass v. Great Coastal Express, Inc.*, 152 *N.J.* 353, 355, 704 *A.*2d 1293 (1998). Similarly, in *Turf Lawnmower Repair, Inc. v. Bergen Record Corp.*, 139 *N.J.* 392, 655 *A.*2d 417 (1995), *cert. denied,* 516 *U.S.* 1066, 116 *S.Ct.* 752, 133 *L.Ed.*2d 700 (1996), business activities that intrinsically implicated important public interests (as here) were afforded the benefit of the qualified privilege, subject to the heightened standard of proof respecting the publisher's knowledge of falsity or reckless disregard of truth or falsity.

The Township's resolution which is the subject of this appeal reflected a governing body's effort to vindicate interests of Jackson Township, deemed to have been adversely affected by what was locally perceived (whether accurately or not) as plain-

tiff's deficient performance of the County Line Road contract in Jackson Township. As both opinion and, at least implicitly, facts were asserted in the resolution, the resolution cannot be deemed "pure opinion" entitled to absolute immunity on that basis. *See Dairy Stores, supra,* 104 *N.J.* at 155, 516 *A.*2d 220; *Kotlikoff v. The Community News,* 89 *N.J.* 62, 69, 444 *A.*2d 1086 (1982).

■ Whether the resolution is deemed wholly legislative or partially administrative, however, the defendant Township is entitled to the unqualified immunity provided under the Tort Claims Act by *N.J.S.A.* 59:2-3 and particularly by *N.J.S.A.* 59:2-10. Under the latter section, a public entity is not liable for acts of public employees constituting actual malice or willful misconduct, absent specific contrary statutory authority. Thus the Township would be entitled to summary judgment, *see Fielder v. Stonack,* 141 *N.J.* 101, 130, 661 *A.*2d 231 (1995), even if the individual defendants could be found to have acted with actual malice.

■ As outlined above, the individual defendants, all elected public officials, were acting on a matter of public concern and were communicating with another governmental entity with respect to that concern. We recently noted in *East Penn Sanitation, Inc. v. Grinnell Haulers, Inc.,* 294 *N.J.Super.* 158, 173, 682 *A.*2d 1207 (App.Div.1996), *certif. denied,* 148 *N.J.* 458, 690 *A.*2d 606 (1997) that, "[t]he need for the free flow of information unrestrained by any fear of potential liability is especially strong with respect to communications between governmental agencies with overlapping responsibilities to serve the public interest." The individual defendants are entitled at least to the protection of qualified immunity, even if the absolute immunity afforded for legislative acts is deemed inapplicable.

Taking our cue from the qualified privilege extended in *Burke* to the proponents of the resolution in that case, we have reviewed the record to ascertain whether it raises a factual dispute sufficient under *Brill v. Guardian Life Ins. Co. of Am.,* 142 *N.J.* 520, 666 *A.*2d 146 (1995) as to the existence of actual malice in the *New York Times* sense. We are satisfied that it does not. Instead, we

find only speculative suggestions by plaintiff that the resolution may have been attributable to suspect motivation, but nothing sufficient to establish clearly and convincingly the *New York Times* actual malice required to defeat the privilege. We conclude, therefore, that summary judgment was properly afforded to all defendants on the defamation-related claims. As the Supreme Court has observed, summary judgment is particularly well-suited for determination of libel actions, fear of which can inhibit comment on matters of public concern. *Dairy Stores, supra,* 104 *N.J.* at 157, 516 *A.*2d 220.

As to the remaining counts of the complaint, we are mindful of the warning by Justice Jacobs in *Rainier's Dairies v. Raritan Valley Farms, Inc.,* 19 *N.J.* 552, 564, 117 *A.*2d 889 (1955) that if judicial privileges established in defamation actions are to be effective, we must not permit their circumvention by affording unrestricted action under a different label. We believe that admonition to be uniquely applicable in this case. Accordingly, the orders under review are affirmed.